## No. 7597.

### SUCCESSION OF MICHAEL DIETRICH.

The failure of a widow and tutrix of her children to comply with an order of court (made at the instance of a creditor of her deceased husband's succession) calling on her to decide within ten days whether she will qualify as administratrix of the succession, does not forfeit her right to claim its administration; and in such a case, when the widow is present in the State, the public administrator has no right to the administration of the succession.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*A. & W. Voorhies* for plaintiff and appellant.
*Robt. Mott* and *Francis B. Lee* for defendant and appellee.

---

A. & W. Voorhies, for widow appellant, contended:
First—There is no necessity for the appointment of an administrator.
Second—That, in no event, can the public administrator be appointed, since the widow in community and the heirs are present, and they are represented in the *mortuaria*.

Third—That in the event we are overruled on both grounds, then, but only then, and as a dire alternative, we claim for the tutrix the preference to administer.

Robt. Mott and Francis B. Lee, contra, contended :

First—Whenever there are debts due by a succession, an administration is necessary. 3 An. 502.

Second—That the judgment of court ordering Mrs. Dietrich to show cause within ten days whether she would qualify as administratrix, was equivalent to an appointment of Mrs. Dietrich as administratrix, and having failed to qualify as required by article 1041, within ten days from the rendition of the same, the judge was authorized to appoint a *successor*, which he did. It is not contended that Mrs. Dietrich could not have qualified under the judgment at any time prior to the appointment of Wilson, even after the expiration of ten days ; but it is maintained that, having failed to do so, she cannot oppose the appointment of any other person. She cannot be heard to question the eligibility of an applicant for the trust. Her opposition must be based upon the strength of her own right, and not upon the weakness of that of the applicant. Upon her opposition the question is not whether Wilson is entitled, but whether she has the preference.

The opinion of the court was delivered by

DeBlanc, J. Michael Dietrich died in 1878, leaving a widow and minor children. His widow applied to be confirmed as natural tutrix of the children, and to be appointed administratrix of the deceased's estate, composed of property and effects situated in the parishes of Orleans, Natchitoches and DeSoto.

She was confirmed and she qualified as natural tutrix, but did not press her application to be appointed administratrix.

In February 1879, Samuel Friedlander, an alleged creditor of Dietrich, took a rule on the widow, commanding her to show cause " why she should not be ordered to qualify regularly as administratrix, etc., or signify her unwillingness to accept the trust."

On the 13th of February, the rule taken by Friedlander was made absolute, and—in the words of the decree then rendered, Mrs. Dietrich " was allowed ten days *to decide* whether or not she would qualify, according to law, as administratrix of the estate," etc.

That decree conforms to the prayer of the creditor's rule, and can be construed but as a mere invitation, which could not be judicially enforced, and which—as it neither conferred nor impaired any right— could be, as it was, disregarded with impunity.

Relying on what he considers as a disobedience of the indefinite judgment, based on the unusual prayer of the rule already alluded to, the public administrator applied for the administration of the succession of Michael Dietrich. His application was opposed by the widow, on the grounds:

1st.  That Friedlander is the only party who pretends to be a creditor of the succession, and that inasmuch as—to be acknowledged as such—he has brought a suit which is still pending, the appointment of an administrator is not necessary, and

2d.  That, if found to be necessary, she is entitled to and claims that administration.

Friedlander intervened in this contest in favor of the public administrator, and prays—in case the latter's application be rejected—to be, as creditor, appointed to administer upon said succession.

They both contend that Mrs. Dietrich has forfeited and lost her right to the disputed administration.  The court so held, dismissed the widow's opposition, Friedlander's demand, and appointed the public administrator to take charge of, and administer upon a succession opened in the city of New Orleans, where the deceased resided and where his widow and heirs are still residing.

The widow alone, in her own right and as natural tutrix, has appealed from that decree, and she and the public administrator are the only parties now before us.

Had Mrs. Dietrich been appointed administratrix and suffered ten days to elapse after her appointment, without furnishing the required security, she might have lost and forfeited her right; but it is clear that the judicial invitation to decide whether she would accept or renounce the tendered trust, is—neither in form nor in substance—an appointment, and her failure to comply with that invitation, did not destroy the preference to which she was and continues to be entitled.

To sustain the appointment of the public administrator, his counsel contend that, by neglecting to qualify during the ten days she was allowed to decide whether she would, or would not accept the trust, she has forfeited even the right to oppose their client's application.  She never was appointed, and—consequently—never could qualify as administratrix.

As to the public administrator, the legislative act by which his office was created, provides: "that in all intestate successions, when there is no surviving husband or wife, or heir present or represented in the State, he shall be appointed to administer the same."

Act of 1877, Ex. S., p. 111, No. 74.

The widow of Dietrich and their minor children are every one of them present in the State, residents of this city, wherein his succession

9

is opened, and that widow, in her own right and as the tutrix of those children, is a party to this suit.

These facts and the law preclude the appointment of the public administrator; but, as Dietrich is represented by beneficiary heirs, and as—according to the evidence—his succession appears to be indebted, the necessity to administer upon the same is too evident to be discussed.

It is, therefore, ordered, adjudged and decreed that, in so far as it affects Emilie Lacour, the widow of Michael Dietrich, the judgment appealed from is annulled, avoided and reversed—the application of the public administrator dismissed, that of the widow allowed, and she appointed as administratrix of the succession of her husband.

It is further ordered that, in that capacity, she furnish bond and security, within ten days from that on which this decree shall become final, and otherwise qualify, under the penalty prescribed by law; the costs of the appeal and of the lower court to be paid by the public administrator.

----

The widow applies for a rehearing and it is granted.

### ON REHEARING.

MANNING, C. J.   We went further than was necessary in passing upon the necessity of some one qualifying as administrator *eo nomine,* and upon the right of preference of the widow over the public administrator.   We held that this officer had no right to the appointment, and we shall amend our decree so as to confine it to that matter.

It is ordered and decreed that our former decree is set aside, and it is now decreed that the judgment of the lower court is avoided and reversed, and that the application of the public administrator is dismissed at his costs.